IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SOUTH SIDE GAS, INC.,** | ) | FILED: APRIL 11, 2008 |
| | ) | 08CV2071         TC |
| **Plaintiff,** | ) | JUDGE GUZMAN |
| | ) | MAGISTRATE JUDGE MASON |
| v. | )  No. | |
| | ) | |
| **ESQUIRE PETROLEUM, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **Plaintiff demands a trial by jury** |

## COMPLAINT

Now comes the Plaintiff, South Side Gas, Inc., by and through his attorneys, Sullivan Hincks & Conway, and for his Complaint against the Defendant, Esquire Petroleum, LLC alleges and states as follows:

### INTRODUCTION

1.　This is an action for violation of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. 2801 et. Seq., pursuant to the defendant's breach of the PMPA Supply Agreement entered into between the parties and the defendant's attempted termination of the Supply Agreement.

### JURISDICTION AND VENUE

2.　Jurisdiction of this court is founded on the basis that there is a federal statute involved and jurisdiction is appropriate pursuant to 28 U.S.C. §1331. This matter arises under the Petroleum Marketing Practices Act, 15 U.S.C.S. Section 2801 et seq. ("PMPA"). Section 2805 of the PMPA provides that enforcement actions may be brought, without regard to the amount in controversy, in the district court of the United States in any judicial district in which the principal place of business of such franchisor is located or in which such franchisee is doing business. The court has

supplemental jurisdiction of the contract claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff, South Side Gas, Inc. ("Plaintiff") is an Illinois corporation doing business in the State of Illinois within the geographical boundaries of this District. Plaintiff is the owner of certain leasehold rights and purchase rights to the motor fuel sales Property (the "Property") located at 4000 West Southwest Highway, Hometown, Illinois (the "Property"). The Plaintiff is a franchisee as that term is defined in the Petroleum Marketing Practices Act, ("PMPA"), 28 U.S.C. §2801 et seq.

4. Defendant, Esquire Petroleum, LLC (hereinafter "ESQUIRE") is an Illinois limited liability company licensed and qualified to do business within the State of Illinois. ESQUIRE is a franchisor as the term is defined at 15 U.S.C. § 2801(B)(3) and a distributor as defined at 15 U.S.C. § 2801(B)(6).

## COMMON FACTS

5. Plaintiff was acting as the lessee of a lease for the Property pursuant to a Real Estate Lease/Option Agreement between Plaintiff and ESQUIRE dated February 15, 2007. (The "Lease/Option"). The Lease forms a franchise relationship as that term is defined at 15 U.S.C. § 2801 (B)(2).

6. The Plaintiff operates a retail gasoline sales station at the Property. The Plaintiff has operated the gasoline station since approximately 1990. The Plaintiff has invested vast amounts of capital into his business, spent considerable sums for improvements at the Property and has grown the business since the commencement of operations.

7. Defendant, Esquire Petroleum, LLC (hereinafter referred to as Esquire) is the record title owner of and holds title to real property located at 4000 Southwest Highway, Hometown, Illinois. The real property, personal property, in addition to the buildings, land and

equipment at 4000 Southwest Highway, Hometown, Illinois referred to herein shall be hereinafter referred to as the "Property."

8. The Plaintiff, South Side Gas, Inc. ("Plaintiff") owns and operates a "Mobil®" branded retail gasoline service station and convenience store at the Property. South Side Gas has operated this business at the Property since approximately 1990.

9. From approximately 1990 to approximately February of 2007, South Side Gas operated its business at the Property pursuant to a lease with Exxon Mobil Corporation pursuant to the protections of the Petroleum Marketing Practices Act, 15 U.S.C. 2801 et seq. ("PMPA").

10. In and around February of 2007 Exxon Mobil sold the Property to Esquire pursuant to a transaction involving about 15 gasoline station properties in the Chicagoloand area.

11. Prior to entering into the Lease/Option, ExxonMobil ("Mobil") installed the Mobil branded imaging at the Property without any input from the Plaintiff. Plaintiff has never been advised of any required changes to the imaging.

12. Pursuant to the Lease/Option, South Side Gas paid to Esquire the sum of One Hundred Fifty Thousand Dollars ($150,000) as consideration for an option to purchase the Property. Esquire accepted this $150,000 from South Side Gas and the consideration of $150,000 was transferred to Esquire.

13. In consideration of the payment of $150,000 and other consideration as set forth in the Lease/Option, Esquire granted to South Side Gas an "exclusive and irrevocable option" to purchase the Property for the sum of $1,085,000 pursuant to the terms of a purchase agreement that was attached to and made part of the Lease/Option (the "Option"). The purchase agreement

that was attached to and made part of the Lease/Option was entitled "Agreement of Purchase and Sale" (the "PSA").

14. Pursuant to the terms of the Lease/Option, South Side Gas could exercise the Option at any time from February 16, 2008 and May 16, 2008.

15. On February 18, 2008, pursuant to the terms of the Lease/Option, South Side Gas exercised the Option and forwarded its written notice of its exercise of the Option to Esquire and to Esquire's attorney pursuant to the terms of the Lease/Option.

16. Pursuant to the terms of the exercise of the Option, South Side Gas executed the PSA and forwarded the signed PSA with the notice of the exercise of the Option. Concurrent thereto, South Side Gas signed the Escrow Agreement attached to the PSA and sent the signed Escrow Agreement along with the earnest money deposit to the Title Company as defined in the PSA all pursuant to the terms of the exercise of the Option.

17. Pursuant to the terms of the exercise of the Option, South Side Gas included with the written notice of exercise of the Option, written proof that South Side Gas had the financial ability to close the transaction. South Side Gas included copies of cashier's checks totaling the amount of the purchase price in the PSA and advised Esquire that South Side Gas was ready, willing and able to purchase the Property.

18. On February 18, 2008, pursuant to the exercise of the Option, South Side Gas entered into a contract with Esquire to purchase the Property for the sum of One Million Eighty Five Thousand Dollars ($1,085,000).

19. On March 21, 2008, Esquire through its attorneys, advised South Side Gas that Esquire was refusing to close on the purchase of the Property pursuant to the PSA. Esquire did

not advise the basis for its refusal and acknowledged at that time there was no basis but that Esquire was reviewing the agreements to determine if there was compliance by the Plaintiff.

20. Subsequent to this March 21, 2008 notification from Esquire that it was refusing to close the purchase of the Property pursuant to the PSA, on March 24, 2008 South Side Gas forwarded a letter to Esquire demanding a closing and again advised Esquire that South Side Gas was ready, willing and able to close on the purchase of the Property pursuant to the PSA. South Side Gas advised Esquire that it would close the purchase of the Property for cash and did not need any financing.

21. Despite the exercise of the Option and the demands to close, Esquire continues to refuse to sell the Property to South Side Gas pursuant to the terms of the PSA as provided for in the Lease/Option.

22. Since February 18, 2008, South Side Gas has continually requested that Esquire close the transaction. Esquire continues to refuse to close the transaction.

23. South Side Gas has performed all the conditions of exercising the Option and the PSA that were to be performed by him except those which Esquire's actions prevented him from performing, i.e. closing, imaging.

24. At all times relevant hereto, South Side Gas has been, and is ready, willing, and able to fulfill its obligations under the terms of the PSA and to fully perform the closing as set forth in the PSA.

25. The property is unique in that it is a retail gasoline service station where South Side Gas has operated its business since 1989, where South Side Gas has made substantial improvements to the Property during the time period of South Side Gas' lease of the premises.

26. The property that is the subject matter of this suit is a large tract of land in a very good location where South Side Gas operates its Mobil branded gasoline station and convenience store and uniquely suited to fulfill South Side Gas' business needs.

27. Plaintiff has no adequate remedy at law.

28. On April 10, 2008, without prior notice, ESQUIRE forwarded a letter to the Plaintiff advising the Plaintiff that ESQUIRE was terminating the Lease as of 3:00 p.m. April 10, 2008. The letter was sent to Plaintiff's counsel at 3:49 p.m. on April 10, 2008. Esquire further advised that Esquire was terminating the PSA, the very agreement that Esquire had previously refused to acknowledge or honor or sign. Esquire has further sent a demand to the title company demanding the release of the $25,000 earnest money deposit.

29. ESQUIRE's proposed termination of the Lease would deprive the Plaintiff of his business and would prevent him from recovering any amounts for the value of his business and illegally terminates the PMPA franchise in violation of the PMPA. The Plaintiff remains ready, willing and able to fully perform all obligations and has fully performed all its obligations except those which Esquire prevents it from performing.

## COUNT I
### INJUNCTIVE RELIEF

30. Plaintiff realleges and restates paragraphs 1 through 29 above as though fully recited herein this paragraph 18 of Count I.

31. Section 2805 of the PMPA provides in pertinent part as follows:

>(b) Equitable relief by court; bond requirements; grounds for nonexercise of court's equitable powers.

(1) In any action under subsection (a), the court shall grant such equitable relief as the court determines is necessary to remedy the effects of any failure to comply with the requirements of section 102, 103, or 107 [*15 USCS § 2802, 2803, or 2807*], including declaratory judgment, mandatory or prohibitive injunctive relief, and interim equitable relief.

(2) Except as provided in paragraph (3), in any action under subsection (a), the court shall grant a preliminary injunction if--

(A) the franchisee shows—

(i) the franchise of which he is a party has been terminated or the franchise relationship of which he is a party has not been renewed, and
(ii) there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and

(B) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

32. Esquire has terminated the Plaintiff's franchise and franchise relationship without cause and without notice.

33. Section 2805(c) of the PMPA provides in pertinent part as follows:

(c) Burden of proof; burden of going forward with evidence. In any action under subsection (a), the franchisee shall have the burden of proving the termination of the franchise or the nonrenewal of the franchise relationship. The franchisor shall bear the burden of going forward with evidence to establish as an affirmative defense that such termination or nonrenewal was permitted under section 102(b) or 103 [*15 USCS § 2802(b) or 2803*], and, if applicable, that such franchisor complied with the requirements of section 102(d) [*15 USCS § 2802(d)*].

34. Plaintiff seeks the entry of an appropriate court order enjoining Esquire (a) from interfering with Plaintiff's business, (b) from terminating the franchise and franchise relationship, (c) from taking further actions attempting to evict the Plaintiff from the premises. Plaintiff

7

further seeks an Order compelling Esquire to sell Mobil branded gas to Plaintiff or ordering that Plaintiff may purchase Mobil branded gas from another Mobil distributor.

35. Plaintiff seeks the entry of an order declaring the rights of the Plaintiff under the Purchase and Sale Agreement, in particular, an Order declaring the Purchase And Sale Agreement valid and enforceable in favor of Plaintiff, that Plaintiff has the right to purchase the Property from Esquire and that Esquire is compelled to sell the Property to Plaintiff.

WHEREFORE, the Plaintiff, South Side Gas, Inc., requests this Honorable Court to enter judgment in its favor and against the Defendant, Esquire Petroleum, LLC and in said judgment provide for the following:

1) Awarding Plaintiff, South Side Gas, Inc. its compensatory damages; and

2) Awarding Plaintiff, South Side Gas, Inc. its attorneys fees and costs;

3) For an award of exemplary damages against ESQUIRE in order to punish ESQUIRE for acting with a reckless disregard of the rights of Plaintiff and to deter ESQUIRE to act as such in the future;

4) For a declaration that ESQUIRE cannot terminate the franchise relationship, from taking further actions attempting to evict the Plaintiff from the premises, compelling Esquire to sell Mobil branded gas to Plaintiff or ordering that Plaintiff may purchase Mobil branded gas from another Mobil distributor, declaring the rights of the Plaintiff under the Purchase and Sale Agreement, in particular, an Order declaring Purchase And Sale Agreement valid and enforceable in favor of Plaintiff, that Plaintiff has the right to purchase the Property from Esquire and that Esquire is compelled to sell the Property to Plaintiff;

5) For temporary and injunctive relief, and

6) For such other relief that this Honorable Court deems just and appropriate.

## COUNT II
## VIOLATION OF THE PMPA - IMPROPER NOTICE

36. Plaintiff realleges and restates paragraphs 1 through 35 above as though fully recited herein this paragraph 18 of Count II.

37. Section 2802(a) of the Petroleum Marketing Practices Act ("PMPA") provides as follows:

(a) General prohibition against termination or nonrenewal. Except as provided in subsection (b) and Section 103 [15 USCS Section 2803(b)], no franchisor engaged in the sale, consignment, or distribution of motor fuel in commerce may

(1) terminate any franchise (entered into or renewed on or after the date of enactment of this Act [enacted June 19, 1978]) prior to the conclusion of the term, or the expiration date, stated in the franchise; or

(2) fail to renew any franchise relationship (without regard to the date on which the relevant franchise was entered into or renewed).

38. Section 2802(b) of the PMPA provides as follows:

(b) Precondition and grounds for termination or nonrenewal

(1) Any franchisor may terminate any franchise (entered into or renewed on or after June 19, 1978) or may fail to renew any franchise relationship, if - -

(A) The notification requirements of section 2804 of this title are met; and,

(B) Such termination is based upon a ground described in paragraph (2) or such nonrenewal is based upon a ground described in paragraph (2) or (3).

39. Section 2804(a) of the PMPA provides as follows:

(a) General requirements applicable to franchisor.
Prior to termination of any franchise or nonrenewal of any franchise relationship, the franchisor shall furnish notification of such termination or such nonrenewal to the franchisee who is a party to such franchise or such franchise relationship - -

9

(1) In the manner described in subsection (c) of this section; and

(2) Except as provided in subsection (b) of this section, not less than 90 days prior to the date on which such termination or nonrenewal takes effect.

40. Section 2804(c) of the PMPA provides as follows:

Manner and form of notification
Notification under this section - -
    (1) shall be in writing;
    (2) Shall be posted by certified mail or personally delivered to the franchisee; and
    (3) Shall contain -
        (A) A statement of intention to terminate the franchise or not to renew the franchise relationship, together with the reasons therefor;
        (B) The date on which such termination or nonrenewal takes effect; and
        (C) The summary statement prepared under subsection (d) of this section.

41. ESQUIRE violated Section 2802 of the PMPA by terminating its franchise relationship with the Plaintiff and by terminating the franchise and franchise relationship without providing notice as required by Section 2802(b)(1)(A) and Section 2804 of the PMPA. The letter dated April 10, 2008 asserts an immediate termination and an immediate refusal to sell more gas to the Plaintiff.

42. The Plaintiff suffered actual damages as a result of ESQUIRE's violation of Section 2802 of the PMPA.

WHEREFORE, the Plaintiff, South Side Gas, Inc., requests this Honorable Court to enter judgment in its favor and against the Defendant, Esquire Petroleum, LLC and in said judgment provide for the following:

1) Awarding Plaintiff, South Side Gas, Inc. its compensatory damages; and

2) Awarding Plaintiff, South Side Gas, Inc. its attorneys fees and costs;

3) For an award of exemplary damages against ESQUIRE in order to punish ESQUIRE for acting with a reckless disregard of the rights of Plaintiff and to deter ESQUIRE to act as such in the future;

4) For an alternative declaration that ESQUIRE cannot terminate the franchise relationship,

5) For temporary and injunctive relief, and

6) For such other relief that this Honorable Court deems just and appropriate.

## COUNT III
## TERMINATION OF THE FRANCHISE
## RELATIONSHIP WITHOUT JUST CAUSE

43. The Plaintiff realleges and incorporates paragraphs 1 through 42 above by reference as if set forth fully herein as paragraph 43 of Count III.

44. The Plaintiff performed all duties required of him by his franchise agreement and related agreements with ESQUIRE that Esquire did not prevent Plaintiff from performing.

45. ESQUIRE terminated its franchise relationship with the Plaintiff for a reason other than those reasons for termination set forth in Section 2802(b)(2) or (3) of the PMPA.

46. ESQUIRE violated the Section 2802 of the PMPA by terminating its franchise relationship with the Plaintiff for a reason other than those set forth in Section 2802(b)(2) or (3) of the PMPA.

47. The Plaintiff has suffered actual damages as a result of ESQUIRE's unlawful termination.

WHEREFORE, the Plaintiff, South Side Gas, Inc., requests this Honorable Court to enter judgment in its favor and against the Defendant, Esquire Petroleum, LLC and in said judgment

provide for the following:

   1) Awarding Plaintiff, South Side Gas, Inc. its compensatory damages;

   2) Awarding Plaintiff, South Side Gas, Inc. its attorneys fees and costs;

   3) For an award of exemplary damages against ESQUIRE in order to punish ESQUIRE for acting with a reckless disregard of the rights of Plaintiff and to deter ESQUIRE to act as such in the future;

   4) For an alternative declaration that ESQUIRE cannot terminate the franchise relationship,

   5) For temporary and injunctive relief, and

   6) For such other relief that this Honorable Court deems just and appropriate.

## COUNT IV
## BREACH OF THE PMPA SUPPLY AGREEMENT AND RELATED AGREEMENTS

48.   Plaintiff realleges and restates paragraphs 1 through 47 above as though fully recited herein this paragraph 48 of Count IV.

49.   Plaintiff and Esquire had operated pursuant to the Lease/Option and the PMPA Supply Agreement dated February 15, 2007.

50.   On February 16, 2008, Plaintiff exercised his option to purchase the Property and executed that certain Agreement of Purchase And Sale (the "PSA") drafted by Esquire and part of the Lease/Option and in accordance with the terms of the exercise of the Option granted to the Plaintiff in the Lease/Option.

51.   At all relevant times to this Complaint the Plaintiff and Esquire were parties to that certain Esquire Petroleum, LLC PMPA Supply Agreement dated February 15, 2007.

52.   ESQUIRE breached the Lease/Option, the Supply Agreement and the Purchase

and Sale Agreement "related agreements"), by among other acts and omissions, failing and refusing to sell Mobil branded gasoline to the Plaintiff, refusing to re-image the premises, withholding imaging information from the Plaintiff, making false and unfounded allegations against the Plaintiff, trespassing on the Plaintiff's business property and attempting to change the Plaintiff's locks without court order or legal authority, continuing efforts to convert the Plaintiff's Lease/Option payment and Earnest Money deposit, refusing to sell the Property to the Plaintiff and various other breaches.

53. As a result of ESQUIRE's acts and omissions and breaches of the Supply Agreement and related agreements, the Plaintiff has suffered actual damages.

54. The Plaintiff fully performed all obligations required of him under the Supply Agreement and the related agreements except in those instances where Esquire has prevented it from performing.

WHEREFORE, the Plaintiff, South Side Gas, Inc., requests this Honorable Court to enter judgment in its favor and against the Defendant, Esquire Petroleum, LLC and in said judgment provide for the following:

1) Awarding Plaintiff, South Side Gas, Inc. its compensatory damages;

2) Awarding Plaintiff, South Side Gas, Inc. its attorneys fees and costs;

3) For an award of exemplary damages against ESQUIRE in order to punish ESQUIRE for acting with a reckless disregard of the rights of Plaintiff and to deter ESQUIRE to act as such in the future;

4) For an alternative declaration that ESQUIRE cannot terminate the franchise relationship,

5) For temporary and injunctive relief, and

6) For such other relief that this Honorable Court deems just and appropriate.

                                          Respectfully submitted,
                                          South Side Gas, Inc.

                              By: _____
                                  One of its Attorneys

John J. Conway
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021
Atty No. 06217597

State of Illinois      )
                     ) ss
County of DuPage   )

### VERIFICATION AFFIDAVIT

I, Ahmad Zahdan, the president of the Plaintiff, South Side Gas, Inc., being first duly sworn on oath depose and state that:

1. That I have read the foregoing Complaint. I am authorized by the Plaintiff to submit this affidavit.

2. That, if called as a witness in the above-captioned cause, I could testify competently to the facts stated in the foregoing Complaint.

3. Under penalties as provided by the laws of the State of Illinois and the United states of America, I certify under oath that the statements set forth in the foregoing Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

FURTHER, AFFIANT SAYETH NOT

_____
Ahmad Zahdan, president of South Side Gas, Inc.

Subscribed and Sworn to
before me this 11th day
of April, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JOHN J. CONWAY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/30/2011

15